W. Hickman Ewing, Jr., U.S. Atty., Tony R. Arvin, Asst. U.S. Atty. (argued), Memphis, Tenn., for plaintiff-appellee.

Edward C. Duke, Federal Public Defender (argued), Memphis, Tenn., for defendant-appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felicia HUGHES, Defendant–Appellant.**

**No. 89–5736.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 17, 1990.

Decided March 12, 1990.

Before MARTIN and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Defendant-appellant, Felicia Hughes, appeals the district court's denial of her motion to suppress evidence of cocaine base found during her arrest. The only issue before this court is whether the district court erred in denying Hughes' motion to suppress.

I.

On the afternoon of September 29, 1988, in Memphis, Tennessee, detectives Garrett and Arnold of the Memphis Metro Narcotics Unit were in the South Parkway–Orleans area of Memphis in an unmarked, undercover car. This area of Memphis was

known to the detectives as a high crime area where drug trafficking often took place. In fact, several months earlier, these same two detectives had entered an area residence to arrest a person on drug trafficking charges.

As the detectives were driving north on South Orleans, their car was blocked by a blue Cadillac in the middle of the street. The detectives observed Felicia Hughes and Eric Milbrooks standing next to the blue Cadillac. The detectives saw Ms. Hughes pass a small object to a person in the Cadillac and then saw the person in the Cadillac hand cash to Eric Milbrooks. At this point, Garrett turned to Arnold and said, "They're doing a drug deal in the street." At the very same time, some people on the sidewalk or porch began yelling "police." Detectives Garrett and Arnold then left their car and yelled to Hughes and Milbrooks that they were police officers. Upon hearing detectives Garrett and Arnold identify themselves as police officers, Hughes and Milbrooks fled the scene. Garrett pursued and apprehended both Hughes and Milbrooks. In the course of apprehending Ms. Hughes, detective Garrett noticed something in her hand. Initially Ms. Hughes denied having anything in her hand. However, upon further questioning by Garrett, Ms. Hughes revealed that she was holding a matchbox. Detective Garrett took this matchbox, opened it, and found thirty-four rocks of cocaine base ("crack" cocaine).

By motion filed November 21, 1988, Ms. Hughes sought to suppress the crack cocaine which was found on her person at the time of her arrest. After a hearing by the district court on January 24, 1989, the court denied Hughes' motion to suppress. Following the denial of her motion to suppress, Ms. Hughes entered a conditional plea of guilty to the charge of possession of a controlled substance with intent to distribute, reserving the right to appeal the district court's denial of her motion to suppress. On June 1, 1989 judgment was entered against Ms. Hughes. She exercised her reserved right to appeal the district court's denial of her motion to suppress on June 8, 1989.

## II.

In her appeal to this court, Ms. Hughes contends that the district court erred by denying her motion to suppress, since the police lacked the requisite probable cause to arrest her. Thus, Ms. Hughes argues, the crack cocaine seized pursuant to the arrest is inadmissible.

This court must apply the clearly erroneous standard to the findings of fact when reviewing the ruling of a district court on a motion to suppress. *United States v. Coleman,* 628 F.2d 961 (6th Cir.1980).

The Supreme Court has succinctly stated that the determination of whether probable cause exists in a given situation depends upon the "totality of the circumstances." *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). The District of Columbia Circuit Court of Appeals has identified four factors which should be assayed in determining whether the "totality of the circumstances" provides probable cause in a drug case: 1) the presence of a suspect in a neighborhood notorious for drug trafficking; 2) suspects engaging in a sequence of events typical of a drug transaction; 3) a suspect's flight after being confronted by the police; and 4) a suspect's attempt to conceal the subject of his activities. *United States v. Green,* 670 F.2d 1148, 1151–52 (D.C.Cir.1981). We think that the *Green* factors provide a helpful framework in analyzing probable cause determinations in the drug trafficking area and therefore adopt these factors here.

The first factor is clearly present since the detectives observed appellant Hughes in an area of Memphis which is clearly notorious for drug trafficking. Furthermore, Hughes was in the exact location where the same detectives had made a drug bust several months earlier. Likewise, the second factor is satisfied here since the detectives saw Hughes and her companion hand something to the driver of a car and in return accept currency from the driver. Finally, the third and fourth

factors of the *Green* framework are present in this case because Ms. Hughes fled from detective Garrett and upon her capture denied possessing the crack cocaine found on her person. In sum, all four *Green* factors are found in this case. As a result, we find that the detectives possessed the requisite probable cause to arrest appellant Hughes. The circumstances of this case strongly suggest that Hughes and her companion were engaged in unlawful drug activity.

For the reasons stated above, we affirm the district court's denial of Hughes' motion to suppress.