943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Anthony JONES and Anthony McCruter, Defendants-Appellees.
 No. 90-6428.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 PER CURIAM:
 
 
 1
 The United States of America appeals the suppression of evidence obtained during a search of an automobile in which defendants were travelling. The sole issue before the Court is whether the district court erred in finding that Chattanooga Police Officer John Baker's stop of defendants' automobile was not supported by reasonable suspicion. We find that the district court did not err. Accordingly, we AFFIRM.
 
 
 2
 The record reveals the following facts: On the night of March 26, 1990, Chattanooga Police Officer John Baker was driving an unmarked vehicle down the 3600 block of Huffaker Street in an area known for drug trafficking. At that time he saw a group of eight to ten young black men gathered around some automobiles. He was approached by two of these men who offered to sell him "crack" cocaine. When the two men realized Baker was a police officer, they fled and the group dispersed.
 
 
 3
 Roughly one and one-half hours later, at about 1:30 a.m., Baker returned to the 3600 block of Huffaker. This time he was driving a marked police patrol car. He noticed a group of six to eight young black men gathered near a red Pontiac Fiero automobile. At the suppression hearing Baker could not identify any members of this second group as also being members of the group he encountered one and one-half hours earlier. Nevertheless, Baker decided to investigate. Upon passing the group, he observed the individuals disperse. Baker saw the Fiero back out of its parking spot and proceed southbound on Huffaker, away from Baker. He made a U-turn to follow the Fiero, with the intention of stopping it for an investigation. He stopped the car several blocks later and a subsequent search of the vehicle uncovered a quantity of "crack" cocaine. This led to defendants' indictment on federal drug charges.
 
 
 4
 This court must apply the clearly erroneous standard to findings of fact when reviewing the ruling of a District Court on a motion to suppress evidence. United States v. Hughes, 898 F.2d 63, 64 (6th Cir.1990) (quoting United States v. Coleman, 628 F.2d 961 (6th Cir.1980)). The District Court concluded that the facts upon which Baker made his decision to stop the car were as follows:
 
 
 5
 1. Some individuals attempted to sell Officer Baker some "crack" cocaine in this same geographical area about one to one and one-half hours earlier.
 
 
 6
 2. The area was a high crime area.
 
 
 7
 3. The time was about 1:30 a.m.
 
 
 8
 4. There were some individuals standing in the vicinity of the parked Pontiac Fiero automobile when the officer drove past it. However, these individuals could not be identified as the same individuals who had attempted to sell "crack" cocaine earlier. These individuals disappeared when the officer did a U-turn to follow the Fiero.
 
 
 9
 Opinion at 2. The court also found that as the group dispersed, the individuals were not "fleeing" Baker. Id. at 3. The District Court's findings are not clearly erroneous.
 
 
 10
 Terry v. State of Ohio, 392 U.S. 1 (1968), stands for the proposition that a police officer may make a brief investigatory stop of an individual so long as the stop is reasonably required. The officer need not have probable cause to believe that the individual has committed a crime or intends to commit a crime, but the Fourth Amendment requires that the decision to stop the individual must be based on something "more substantial than inarticulate hunches." Terry at 22. The level of suspicion necessary for a Terry stop "is considerably less than proof of wrongdoing by a preponderance of the evidence" and it is "obviously less demanding than that for probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1988) (citation omitted). See also United States v. Hughes, 898 F.2d 63, 64-65 (6th Cir.1990).
 
 
 11
 Based on its findings of fact, the district court determined that Baker did not have an articulable, reasonable suspicion to stop the Pontiac Fiero.[1] Again, those findings of fact are not clearly erroneous. Accordingly, the District Court's conclusion that these facts did not provide a reasonable suspicion to stop the car is supported by the record. Therefore, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 The Court notes that the situation might have been different if the time between Baker's encounters on Huffaker street had been less, if he could identify some of the individuals in the second group as being members of the first group, or if the District Court had found that the individuals fled from Baker