986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Victor MICHAEL, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Shane SKILLINGS, Defendant-Appellant.
 Nos. 92-5331, 92-5342.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 14, 1992
Decided: February 18, 1993
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-91-140-R)
 Gregory W. Franklin, Richmond, Virginia, for Appellant Michael; Robert P. Geary, Richmond, Virginia, for Appellant Skillings.
 Richard Cullen, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Terry T. Hughes, Third Year Law Student, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 After a day of trial, Victor Michael and Shane Skillings each entered a guilty plea to a charge of conspiracy to obtain firearms through false statements (18 U.S.C. § 371 (1988)). Each challenges the sentence he received, alleging that the district court erred in departing upward. We affirm.
 
 
 2
 Skillings and Michael were participants in a conspiracy which purchased a large number of firearms in Virginia through straw purchasers and resold the guns in New York City. Over two hundred guns were involved. The district court decided that the large number of guns warranted an upward departure. Skillings's guideline range was eighteen to twenty-four months; the court departed to sixty months. Michael's guideline range was fifteen to twenty-one months; the court departed to fifty months. Appellants contend here as they did at sentencing that because the number of guns is a factor which was adequately taken into account in the guideline, no departure was warranted. United States Sentencing Commission, Guidelines Manual, § 2K2.2(b)(1)(F) (Nov. 1990).
 
 
 3
 Under the test set out in United States v. Summers, 898 F.2d 63 (4th Cir. 1990), we review de novo the district court's determination that a relevant factor was not adequately considered by the Sentencing Commission in formulating the guidelines. In this case, the question is easily answered because the commentary to the guideline itself suggests that a departure may be appropriate if there are more than fifty guns involved. U.S.S.G. § 2K2.2, comment. (n.2) (Nov. 1990). The district court thus was not in error when it decided that a departure could be made for this reason.*
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 92-5331-AFFIRMED No. 92-5342-AFFIRMED
 
 
 *
 Appellants do not contend that the departure fails to meet the other requirements of the Summers test. We find no plain error in the district court's decision to depart or in the extent of the departure