NOT RECOMMENDED FOR PUBLICATION

File Name: 09a0590n.06

No. 08-5397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 20, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) WESTERN DISTRICT OF KENTUCKY |
| DONALD E. BELL, JR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| _____ | ) |

**Before: GILMAN, COOK, and FARRIS,\* Circuit Judges.**

**JEROME FARRIS, Circuit Judge.** Following a guilty plea, the defendant Donald Bell

appeals his conviction and sentence on the basis of the Fourth Amendment and *Miranda*.

**I. Fourth Amendment**

Under the Fourth Amendment, a person may be arrested without a warrant only on probable

cause. *Virginia v. Moore*, 128 S.Ct. 1598 (2008). Bell claims the police lacked probable cause to

arrest him. Probable cause is determined by looking to the totality of the circumstances. *Illinois v.*

*Gates*, 462 U.S. 213, 230 (1983). A sequence of events typical of a drug transaction, standing alone

---

\*The Honorable Jerome Farris, Senior Circuit Judge for the Ninth Circuit, sitting by designation.

and viewed in the light most favorable to the government, may create probable cause.  *See United States v. Hughes*, 898 F.2d 63, 64 (6th Cir. 1990).

To secure drugs for a confidential informant to buy, Gregory Pecora made a phone call to his drug "source."  Bell arrived shortly thereafter.  Upon his arrival, Pecora said "that's him."  Pecora spent several minutes in Bell's car while the confidential informant waited in Pecora's detached garage.  When Pecora returned to his garage, he produced and sold to the informant two ounces of crack cocaine.  Meanwhile, Bell drove to an apartment complex, parked, and appeared to count money.  Bell may be correct that these actions, taken individually, are plausibly consistent with innocent behavior, but the existence of plausible contrary interpretations does not defeat probable cause.  *See Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause requires less than that necessary to secure a conviction).  Under the totality of the circumstances, a prudent person could reasonably conclude that Bell had sold Pecora the crack cocaine.

Bell's other arguments against probable cause are unpersuasive.  That the DEA investigation focused on Pecora is irrelevant.  The investigation revealed incriminating information about Bell.  That the arresting officers never saw Bell at Pecora's house, and acted on the basis of orders from others, is also irrelevant.  The knowledge of all the police officers involved, not just the arresting officer, may be aggregated in determining whether probable cause exists.  *United States v. McManus*, 560 F.2d 747, 749 (6th Cir. 1977).

Bell next claims that the police lacked reasonable suspicion to stop him. A police officer "may stop a person for investigative purposes where, considering the totality of the circumstances, the officers have a reasonable and objective basis for suspecting that particular person is engaged in criminal activity." *United States v. Williams*, 962 F.2d 1218, 1223 (6th Cir. 1992). The police had probable cause to arrest Bell prior to the stop. They therefore had a basis for reasonable suspicion.

Bell claims that the police search of his car violated the Fourth Amendment. Under *Arizona v. Gant*, 556 U.S. __, (April 21, 2009), police may search the passenger compartment of a vehicle incident to a full custodial arrest of a recent occupant only if either (i) the arrestee is unsecured and still may gain access to the interior of the vehicle, or (ii) the police reasonably believe that evidence of the offense for which the person was arrested may be found in the vehicle. *Id.*

The police could reasonably believe that evidence of Bell's drug offense was in the car. Bell had apparently sold the drugs inside the car, and had driven the car to and from the sale site. Under *Gant's* second prong, the authority to search extends to containers in the passenger compartment if the police reasonably believe that evidence of the suspected crime may be found therein. *Cf. United States v. Martin*, 289 F.3d 392, 399 (6th Cir. 2002). The police could reasonably believe that evidence of a drug deal would be found in the CD case. The search did not violate the Fourth Amendment.

No. 08-5397
*United States v. Bell*

II. *Miranda*

Bell also alleges a violation of his *Miranda* rights. After his arrest, Bell requested an attorney and was placed in a holding room at the DEA office. When one of the agents went to the room to retrieve him, the agent discovered that Bell had vanished. Bell then reappeared when two agents came into the room, having apparently just descended from the ceiling. The agents asked Bell what he was doing, and Bell replied that he was "up there looking around." Bell now claims that the questioning of the agents violated his *Miranda* rights.

We review issues of *Miranda* violations de novo. *United States v. Montano*, 613 F.2d 147, 149 (6th Cir. 1980). To interrogate a person in custody, *Miranda* warnings must be given. *Miranda v. Arizona*, 384 U.S. 436 (1967). Once a suspect invokes his right to remain silent or to counsel, the police must terminate the interrogation. *McGraw v. Holland*, 257 F.3d 513, 517-18 (6th Cir. 2001). Testimony elicited from further interrogation is inadmissible under *Miranda*. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). Bell invoked his right to counsel.

However, police may interrogate in violation of *Miranda* where public safety so requires. *New York v. Quarles*, 467 U.S. 649, 659 (1984). We have explained that "[t]he public safety exception applies 'when officers have a reasonable belief based on articulable facts that they are in danger.'" *United States v. Williams*, 483 F.3d 425, 428 (6th Cir. 2007) (quoting *United States v. Talley*, 275 F.3d 560, 563 (6th Cir. 2001)). For an officer's belief to be reasonable, "at minimum,

he must have reason to believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it."

*Id.*

First, Bell argues that it was not objectively reasonable to believe he had or recently had a weapon, because police searched him when he was taken into custody. No weapon was found, and the holding room was under police control. However, the agents had a reasonable belief based on articulable facts that Bell's situation was the rare circumstance in which a person in custody may have gained access to a weapon. Bell vanished from his holding room for a period of time. When the agents returned to the room, Bell had apparently just descended from the ceiling. The agents could not be sure where he had gone. Bell could have gained access to another room or acquired any weapon which might reasonably be found or fashioned in a ceiling.

Second, Bell argues that even if there had been a weapon, there could be no reasonable belief that someone other than the police might gain access to it. However, the holding room had been compromised. The police could no longer be sure that others did not have access to it.

Finally, Bell argues that the public safety exception should be construed narrowly because it infringes on a fundamental constitutional right against self-incrimination. Therefore, Bell implies, the rule should apply only where a dangerous weapon poses an immediate risk to public safety. However, the agents' question was not designed to elicit testimonial evidence from Bell. Rather, as

No. 08-5397
*United States v. Bell*

the Magistrate Judge stated, "the question asked by the agents was ... intended to quickly determine

what exactly was happening so that they could assess what action to take for their safety."

**AFFIRMED.**